UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DASHAWN REESE, *pro se*,  :
: **SUMMARY ORDER**
Petitioner, : 11-CV-5432 (DLI)
:
-against- :
:
UNITED STATES OF AMERICA, :
:
Respondent. :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On August 17, 2011, *pro se*[1] Petitioner Dashawn Reese filed a motion for an extension of time to file a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Section 2255"), challenging his March 20, 2008 sentence. (Docket 06-CR-413, Entry No. 635.) By Summary Order dated September 15, 2011, the court denied Petitioner's request because Petitioner had not yet filed an actual petition pursuant to Section 2255 and, until Petitioner files an actual petition, the court does not have jurisdiction to render a decision on Petitioner's motion for an extension of time to file his petition. (*See* Docket 06-CR-413, Entry No. 637); *Green v. U.S.*, 260 F. 3d 78, 82-83 (2d Cir. 2001) ("a district court may grant an extension of time to file a motion pursuant to [S]ection 2255 only if . . . the moving party requests the extension upon or after filing an actual [S]ection 2255 motion . . . ."); *United States v. Leon*, 203 F. 3d 162, 164 (2d Cir. 2000) (*per curiam*) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed . . . .") The court also advised Petitioner that if he decided to file a motion pursuant to Section 2255, he should include in his petition any arguments as to why the statute of

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

limitations should be equitably tolled. (Docket 06-CR-413, Entry No. 637.) In response to the court's Summary Order, Petitioner filed essentially the same request for an extension of time, albeit as a new civil action. (*See* Docket No. 11-CV-5432, Entry No. 1.)

The court reiterates that it is not permitted to address Petitioner's request for an extension of time to file his Section 2255 motion until he files a petition that states the reasons for his belief that his sentence should be vacated, set aside or corrected. Although the court has a duty to liberally construe *pro se* pleadings, as the court stated in its September 15, 2011 Summary Order, Petitioner's request for an extension of time fails to set forth any basis in fact or law for relief under Section 2255. (*See* Docket No. 06-CR-413, Entry No. 637.) Until Petitioner files such a Petition or at least states his reasons in a manner that permits the court to construe his submission as a petition pursuant to Section 2255, the court cannot address Petitioner's request for an extension of time to file his petition. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Summary Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       November 30, 2011

                                                        /s/
                                        DORA L. IRIZARRY
                                    United States District Judge