UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DASHAWN REESE, *pro se*, :
: **SUMMARY ORDER**
Petitioner, : 11-CV-5432 (DLI)
:
-against- :
:
UNITED STATES OF AMERICA, :
:
Respondent. :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] Petitioner Dashawn Reese filed the instant petition for a writ of *habeas corpus*, challenging his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). On August 9, 2007, Petitioner pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii), and using, carrying and possessing a firearm during the commission of a narcotics crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Docket 06-CR-413, Entry No. 237.) After an initial appeal and Petitioner's re-sentence on remand, Petitioner appealed his re-sentence and the Second Circuit Court of Appeals affirmed the judgment of this court on January 7, 2010.[2] (Docket 06-CR-413, Entry No. 574.)

**BACKGROUND**

On August 17, 2011, Petitioner filed a motion for an extension of time in which to file a writ of habeas corpus pursuant to Section 2255, challenging his March 20, 2008 sentence, which

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] The detailed background of Petitioner's sentencing and appeals is included in this Court's September 15, 2011 Summary Order and will not be repeated herein. (*See* Docket 06-CR-413, Entry No. 637.)

was denied, without prejudice, by order dated September 15, 2011 because Petitioner had not yet filed a Section 2255 motion.  (*See* Docket 06-CR-413, Entries Nos. 635, 637.)  In its September 15, 2011 order, the court advised Petitioner that if he decided to file a motion pursuant to Section 2255, he should include in his petition any arguments as to why the statute of limitations should be equitably tolled.  (Docket 06-CR-413, Entry No. 637.)

Petitioner filed another letter on November 1, 2011 making the same request for an extension of time, without filing a petition, which the court denied without prejudice by Summary Order dated November 30, 2011.  (*See* Docket 11-CV-5432, Entries Nos. 1, 4.)  On December 5, 2011, Petitioner again requested an extension of time to file his Section 2255 motion without filing the actual petition.  (Docket 11-CV-5432, Entry No. 5.)  The court again denied Petitioner's motion without prejudice on December 20, 2011.

On December 23, 2011, Petitioner filed the instant petition pursuant to Section 2255, in which he argues that he is entitled to relief because: (1) the government breached his plea agreement because Petitioner's sentence was higher than the term to which he claims he was entitled; (2) Petitioner pled to a term of imprisonment of five years but he received a term of imprisonment of ten years; (3) the Judge "did not honor the Second Circuit's decision of Williams, Whitley"; (4) Petitioner's counsel was ineffective; and (5) Petitioner was confused and, thus, his plea was not proper and should not have been accepted by the court.  (Docket 11-CV-5432, Entry No. 7.)  For the reasons set forth below, the petition is denied as untimely.

## DISCUSSION

**I.     Standard of Law**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by "[a] prisoner in custody under sentence of a court established by Act of Congress."  28 U.S.C.

§ 2255(a). The one-year period runs from the date on which one of the latest of the following four events occurs:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f).

A court may equitably toll a petition for writ of habeas corpus only if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citation and internal quotation marks omitted); *see also Green v. U.S.*, 260 F. 3d 78, 82-83 (2d Cir. 2001) ("[A] district court may grant an extension of time to file a motion pursuant to [S]ection 2255 only if (1) the moving party requests the extension upon or after filing an actual [S]ection 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period.") "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under [S]ection 2255, a district court is empowered, and in some instances may be required, under *Haines* [*v. Kerner*, 404 U.S. 519 (1972),] to treat that motion as a substantive motion for relief under [S]ection 2255." *Green*, 260 F. 3d at 83 (citations omitted).

## II. Analysis

Petitioner's December 23, 2011 letter sets forth his Section 2255 claims and, thus, the court may construe his submission to be a substantive motion for relief under Section 2255 and address the timeliness of the motion herein. Petitioner argues that the court should equitably toll

3

his petition because he was placed in the special housing unit ("SHU") as of May 23, 2011, which limited his ability to obtain legal advice or use the law library. (*See* Docket 06-CR-413, Entry No. 635; Docket 11-CV-5432, Entry No. 1.) Petitioner does not provide any additional reasons for his failure to file a timely petition in his December 5, 2011 letter to the court or in the instant Section 2255 petition. (*See* Docket 11-CV-5432, Entries Nos. 5, 7.)

Simply being placed in the SHU alone does not constitute a basis for equitable tolling. *See, e.g.*, *Prescod v. Brown*, 2011 WL 182063, at *4 (S.D.N.Y. Jan. 20, 2011), *adopted by* 2011 WL 497855 (S.D.N.Y. Feb. 10, 2011) ("SHU status does not provide a basis for equitable tolling"); *Pillco v. Bradt*, 2010 WL 3398467, at *2 (S.D.N.Y. Aug. 26, 2010) ("To meet the extraordinary circumstances standard [for equitable tolling], a petitioner must prove that the cause of his delay was both beyond his control and unavoidable even with diligence. For example, difficulty in gaining library access, prison lockdowns, [petitioner's] lack of legal training, poor eyesight, and transfers to various prisons fail to meet the requisite extraordinary circumstances.") (citations and internal quotation marks omitted).

Moreover, even if placement in the SHU does constitute extraordinary circumstances warranting equitable tolling of the limitations period to file a petition pursuant to Section 2255, Petitioner's claim still would be untimely. On January 7, 2010, the Second Circuit affirmed the final judgment of this court wherein Petitioner was re-sentenced on remand from Petitioner's original appeal to the Second Circuit. (*See* Docket 06-CR-413, Entries Nos. 573, 574.) Petitioner did not petition the U.S. Supreme Court for a writ of certiorari. Thus, the judgment became final for purposes of Section 2255 when the time for seeking Supreme Court review expired, *i.e.*, ninety days after entry of the judgment of the court of appeals. *See Clay v. United States*, 537 U.S. 522, 532 (2003); U.S. Sup. Ct. Rule 13. According to Petitioner's letter, he was not placed in the SHU until May 23, 2011, which was more than one year after April 7, 2010, the

4

date on which judgment of conviction was final. (*See* Docket 06-CR-413, Entry No. 635; Docket 11-CV-5432, Entry No. 1.) Therefore, Petitioner was time-barred from filing a Section 2255 petition prior to his placement in the SHU and, thus, Petitioner's request for relief pursuant to Section 2255 is denied as untimely.

## **CONCLUSION**

For the reasons set forth above, Petitioner's habeas petition is untimely. Accordingly, the petition is dismissed. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       January 23, 2012

/s/
DORA L. IRIZARRY
United States District Judge